United States District Court
For the Northern District of California

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

**STANDING ORDER FOR
UNITED STATES MAGISTRATE JUDGE LAUREL BEELER**
*(Effective April 1, 2013)*

Parties must comply with the procedures in the Federal Rules of Civil or Criminal Procedure, the local rules, the general orders, this standing order, and the Northern District's general standing order for civil cases titled "Contents of Joint Case Management Statement." These rules and a summary of electronic filing requirements (including the procedures for emailing proposed orders to chambers) are available at http://www.cand.uscourts.gov (click "Rules" or "ECF-PACER"). The parties' failure to comply with any of the rules may be a ground for monetary sanctions, dismissal, entry of judgment, or other appropriate sanctions.

**A. CALENDAR DATES AND SCHEDULING**

1. Motions are heard on the first and third Thursdays of the month: civil motions at 9:30 a.m. and criminal motions at 10:30 a.m. Case management conferences are every Thursday: criminal cases at 10:30 a.m. and civil cases at 11:00 a.m. Parties should notice motions under the local rules and need not reserve a hearing date in advance if the date is available on the court's calendar (click "Calendars" at http://www.cand.uscourts.gov). Depending on its schedule, the court may reset or vacate hearings. Please call courtroom deputy Lashanda Scott at (415) 522-3140 with scheduling questions.

**B. CHAMBERS COPIES**

2. Under Civil Local Rule 5-1(b), parties must lodge a paper "Chambers" copy of any filing. Please provide a three-hole-punched, two-sided copy unless another format makes more sense (e.g., for spreadsheets, pictures, or exhibits). Parties need not submit copies of certificates of service, certificates of interested entities or persons, consents or declinations to the court's jurisdiction, stipulations that do not require a court order (*see* Local Civil Rule 6-1), and notices of appearance or substitution of counsel.

**C. CIVIL DISCOVERY**

3. **Evidence Preservation**. After a party has notice of this order, it must take the steps needed to preserve information relevant to the issues in this action, including suspending any document destruction programs (including destruction programs for electronically-maintained material).

4. **Production of Documents In Original Form**. When searching for material under Federal Rule of Civil Procedure 26(a)(1) or after a Federal Rule of Civil Procedure 34(a) request, parties (a) must search all locations – electronic and otherwise – where responsive materials might plausibly exist, and (b) to the maximum extent feasible, produce or make available for copying and/or inspection the materials in their original form, sequence, and organization (including, for example, file folders).

5. **Privilege Logs**. If a party withholds material as privileged, *see* Fed. R. Civ. P. 26(b)(5) and 45(d)(2)(A), it must produce a privilege log as quickly as possible, but no later than fourteen days after its disclosures or discovery responses are due unless the parties stipulate to, or the Court sets, another date. Privilege logs must contain the following: (a) the subject matter or general nature of the document (without disclosing its contents); (b) the identity and position of its author; (c) the date it was communicated; (d) the identity and position of all addressees and recipients of the communication; (e) the document's present location; (f) the specific privilege and a brief summary of any supporting facts; and (g) the steps taken to ensure the confidentiality of the communication, including an affirmation that no unauthorized persons received the communication.

6. **Expedited Procedures for Discovery Disputes.** The parties may not file formal discovery motions. Instead, and as required by the federal rules and local rules, the parties must meet and confer to try to resolve their disagreements. *See* Fed. R. Civ. P. 37(a)(1); Civil L. R. 37-1. After attempting other means of conferring such as letters, phone calls, or emails, lead counsel for the parties must meet and confer **in person**. (If counsel are located outside of the Bay Area and cannot confer in person, lead counsel may meet and confer by telephone.) Either party may demand such a meeting with ten days' notice. If the parties cannot agree on the location, the location for meetings will alternate. Plaintiff's counsel will select the first location, defense counsel will select the second location, and so forth. If the parties do not resolve their disagreements through this procedure, the parties must file a joint letter brief **of no more than five pages** instead of a formal motion five days after lead counsels' in-person meet-and-confer. The letter brief must be filed under the Civil Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief." Lead counsel for both parties must sign the letter and attest that they met and conferred in person. The joint letter must set out each issue in a separate section and include in that section each parties' position (with appropriate legal authority) and

proposed compromise. (This process allows a side-by-side analysis of each disputed issue.) If the disagreement concerns specific discovery that a party has propounded, such as interrogatories, requests for production of documents, or answers or objections to such discovery, the parties must reproduce the question/request and the response in its entirety in the letter. The Court then will review the letter and determine whether future proceedings are necessary. In emergencies during discovery events such as depositions, the parties may contact the Court pursuant to Civil Local Rule 37-1(b).

### D. CONSENT CASES

7. In cases that are assigned to Judge Beeler for all purposes, the parties must file their written consent or declination of consent to the assignment of a United States Magistrate Judge for all purposes as soon as possible. If a party files a dispositive motion (such as a motion to dismiss or a motion for remand), the moving party must file the consent or declination simultaneously with the motion, and the party opposing the motion must file the consent or declination simultaneously with the opposition.

8. The first joint case management conference statement in a case must contain all of the information in the Northern District's standing order titled "Contents of Joint Case Management Statement." Subsequent statements for further case management conferences must not repeat information contained in an earlier statement and instead should report only progress or changes since the last case management conference and any new recommendations for case management.

### E. SUMMARY JUDGMENT MOTIONS

9. Motions for summary judgment must be accompanied by a joint statement of the material facts that the parties agree are not in dispute. The joint statement must include – for each undisputed fact – citations to admissible evidence. The parties must comply with the procedures set forth in Civil Local Rule 56-2(b). The parties may not file – and the Court will not consider – separate statements of undisputed facts. Failure to stipulate to an undisputed fact without a reasonable basis for doing so may result in sanctions. *See* Civil L. R. 56-2(b).

IT IS SO ORDERED.

LAUREL BEELER
United States Magistrate Judge