KEKER & VAN NEST LLP
CHRISTA M. ANDERSON - # 184325
canderson@kvn.com
EUGENE M. PAIGE - # 202849
epaige@kvn.com
ANDREW DAWSON - # 264421
adawson@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant and
Counter-claimant Veeva Systems Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PROLIFIQ SOFTWARE INC.,<br><br>              Plaintiff,<br><br>     v.<br><br>VEEVA SYSTEMS INC.,<br><br>              Defendant.<br><br>VEEVA SYSTEMS INC.,<br><br>              Counter-claimant,<br><br>     v.<br><br>PROLIFIQ SOFTWARE INC.,<br><br>              Counter-defendant. | Case No. 13-cv-3644 LB<br><br>**DEFENDANT VEEVA SYSTEMS INC.'S ANSWER TO PLAINTIFF PROLIFIQ SOFTWARE INC.'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT; DEFENDANT VEEVA SYSTEMS INC.'S FIRST AMENDED COUNTERCLAIMS FOR DECLARATORY RELIEF**<br><br>Date Comp. Filed:     August 6, 2013<br><br>Trial Date:  Not Yet Set |

DEFENDANT VEEVA SYSTEMS INC.'S ANSWER TO PLAINTIFF PROLIFIQ'S SECOND AMENDED
COMPLAINT FOR PATENT INFRINGEMENT; DEFENDANT VEEVA SYSTEMS INC.'S FIRST
AMENDED COUNTERCLAIMS FOR DECLARATORY RELIEF
Case No. 13-cv-3644 LB

786892

Defendant Veeva Systems Inc., ("Veeva") answers Plaintiff Prolifiq Software Inc.'s ("Prolifiq's") Second Amended Complaint ("the Complaint") as follows. Anything not expressly admitted is denied.

## NATURE OF THE ACTION[1]

1. Veeva admits that the Complaint purports to allege an action for patent infringement under the patent laws of the United States. The remaining allegations in paragraph 1 are denied.

2. Veeva admits that the Complaint purports to allege a cause of action pertaining to U.S. Patent Numbers 7,634,556, entitled "ELECTRONIC MESSAGE MANAGEMENT;" 7,707,317 and 8,296,378, each entitled "ADAPTIVE ELECTRONIC MESSAGING;" and 7,966,374 and 8,171,077, each entitled "ADAPTIVE MEDIA MESSAGING, SUCH AS FOR RICH MEDIA MESSAGES INCORPORATING DIGITAL CONTENT." The remaining allegations in paragraph 2 are denied.

## PARTIES

3. Veeva lacks knowledge or information sufficient to form a belief to admit or deny the allegations in paragraph 3, and on that basis denies those allegations.

4. Admitted.

5. Admitted.

## JURISDICTION AND VENUE

6. This paragraph consists of legal conclusions to which no response is required.

7. Veeva admits that it has a principal place of business is at 4637 Chabot Dr., Suite 210, Pleasanton, California 94588. The remaining allegations in this paragraph consist of legal conclusions to which no response is required.

8. Veeva admits that it resides in the Northern District of California. The remaining allegations in this paragraph consist of legal conclusions to which no response is required.

---

[1] The headings in this document are taken from the headings in the Complaint, and are provided for ease of reference only. They are not intended as an admission of any kind; to the contrary, to the extent they contain allegations requiring a response, they are expressly denied.

## INTRADISTRICT ASSIGNMENT

9. This paragraph consists of legal conclusions to which no response is required.

## FACTUAL BACKGROUND

10. Veeva lacks knowledge or information sufficient to form a belief to admit or deny the allegations in paragraph 10, and on that basis denies those allegations.

11. Veeva lacks knowledge or information sufficient to form a belief to admit or deny the allegations in paragraph 11, and on that basis denies those allegations.

12. Veeva admits that the '556 Patent, on its face, indicates that it was issued on December 15, 2009, and that a Certificate of Correction was issued on November 9, 2010. The remaining allegations in paragraph 12 are denied.

13. Veeva admits that the '317 Patent, on its face, indicates that it was issued on April 27, 2010, and that the '374 Patent, on its face, indicates that it was issued on June 21, 2011. The remaining allegations in paragraph 13 are denied.

14. Veeva admits that the '077 Patent, on its face, indicates that it was issued on May 1, 2012. The remaining allegations in paragraph 14 are denied.

15. Veeva admits that the '378 Patent, on its face, indicates that it was issued on October 23, 2012. The remaining allegations in paragraph 15 are denied.

16. Veeva lacks knowledge or information sufficient to form a belief to admit or deny the allegations in paragraph 16, and on that basis denies those allegations.

17. Veeva lacks knowledge or information sufficient to form a belief to admit or deny the allegations in paragraph 17, and on that basis denies those allegations.

18. Veeva lacks knowledge or information sufficient to form a belief to admit or deny the allegations in paragraph 18, and on that basis denies those allegations.

19. Veeva lacks knowledge or information sufficient to form a belief to admit or deny the allegations in paragraph 19, and on that basis denies those allegations.

20. Veeva lacks knowledge or information sufficient to form a belief to admit or deny the allegations in paragraph 20, and on that basis denies those allegations.

21. Veeva lacks knowledge or information sufficient to form a belief to admit or deny the allegations in paragraph 21, and on that basis denies those allegations.

22. Veeva lacks knowledge or information sufficient to form a belief to admit or deny the allegations in paragraph 22, and on that basis denies those allegations.

23. Veeva lacks knowledge or information sufficient to form a belief to admit or deny the allegations in paragraph 23, and on that basis denies those allegations.

24. Veeva admits that a brief meeting between it and representatives from Prolifiq occurred on October 18, 2011, at the Digital Pharma East conference in Philadelphia. The remaining allegations in paragraph 24 are denied.

25. Veeva admits that a brief meeting between representatives from Prolifiq and Veeva occurred on October 18, 2011, at the Digital Pharma East conference in Philadelphia. Veeva admits that two Veeva employees, Matt Wallach and Paul Shawah, attended the meeting. The remaining allegations in paragraph 25 are denied.

26. Veeva admits that it and Prolifiq executed a written Mutual Nondisclosure Agreement, dated November 10, 2011. The remaining allegations in paragraph 26 are denied.

27. Veeva admits that Colin McRavey participated in a conference call with Prolifiq personnel the week of November 14, 2011. The remaining allegations in paragraph 27 are denied.

28. Denied.

29. Denied.

30. Veeva admits that in October and November 2011 it did not offer a standalone email product using centralized processing to send regulatory-compliant emails between sales reps and healthcare practitioners. Veeva lacks knowledge or information sufficient to form a belief to admit or deny the allegations in paragraph 30 relating to the functionality of Rep Trigger, and on that basis denies those allegations. The remaining allegations in paragraph 30 are denied.

31. Denied.

3
DEFENDANT VEEVA SYSTEMS INC.'S ANSWER TO PLAINTIFF PROLIFIQ'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT; DEFENDANT VEEVA SYSTEMS INC.'S FIRST AMENDED COUNTERCLAIMS FOR DECLARATORY RELIEF
Case No. 13-cv-3644 LB

786892

32. Veeva admits that Prolifiq gave a cursory demonstration of its software to Veeva personnel, that Veeva participated in a few high-level discussions regarding the software's functionality, and that Prolifiq described limited information about Rep Trigger to Veeva employees. The remaining allegations in paragraph 32 are denied.

33. Denied.

34. Veeva admits that occasional meetings between Prolifiq employees and a small number of Veeva employees continued until August 2012. The remaining allegations in paragraph 34 are denied.

35. Denied.

36. Admitted.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Veeva admits that discussions regarding integration between Prolifiq and Veeva were abandoned in August 2012. Veeva denies that the integration ended because of any representations made by Veeva. Veeva lacks knowledge or information sufficient to form a belief to admit or deny the remaining allegations in paragraph 41, and on that basis denies those allegations.

42. Veeva admits that Prolifiq sent a letter to Veeva dated July 9, 2013, that listed the Prolifiq Issued Patents. The remaining allegations in paragraph 42 are denied.

**FIRST CLAIM FOR RELIEF – INFRINGEMENT OF THE '556 PATENT**

43. Veeva reasserts and hereby incorporates by reference its responses to paragraphs 1-43 of the Complaint above as though fully set forth herein.

44. Denied.

45. Denied.

46. Denied.

1     47.    Denied.

2     48.    Denied.

3     49.    Denied.

**SECOND CLAIM FOR RELIEF – INFRINGEMENT OF THE '317 PATENT**

50.    Veeva reasserts and hereby incorporates by reference its responses to paragraphs 1-50 of the Complaint above as though fully set forth herein.

51.    Denied.

52.    Veeva admits that Prolifiq sent a letter to Veeva dated July 9, 2013, that listed the '317 Patent. The remaining allegations in paragraph 52 are denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

**THIRD CLAIM FOR RELIEF – INFRINGEMENT OF PATENT NUMBER THE '374**

57.    Veeva reasserts and hereby incorporates by reference its responses to paragraphs 1-57 of the Complaint above as though fully set forth herein.

58.    Denied.

59.    Veeva admits that Prolifiq sent a letter to Veeva dated July 9, 2013, that listed the '374 Patent. The remaining allegations in paragraph 59 are denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

**FOURTH CLAIM FOR RELIEF – INFRINGEMENT OF THE '077 PATENT**

64.    Veeva reasserts and hereby incorporates by reference its responses to paragraphs 1-64 of the Complaint above as though fully set forth herein.

65.    Denied.

66. Veeva admits that Prolifiq sent a letter to Veeva dated July 9, 2013, that listed the '077 Patent. The remaining allegations in paragraph 66 are denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

### FIFTH CLAIM FOR RELIEF – INFRINGEMENT OF THE '378 PATENT

71. Veeva reasserts and hereby incorporates by reference its responses to paragraphs 1-71 of the Complaint above as though fully set forth herein.

72. Denied.

73. Veeva admits that Prolifiq sent a letter to Veeva dated July 9, 2013, that listed the '378 Patent. The remaining allegations in paragraph 73 are denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

### PRAYER FOR RELIEF

Prolifiq's Prayer for Relief sets forth the statement of relief requested by Prolifiq, to which no response is required. Veeva denies that Prolifiq is entitled to any of the requested relief, or any relief at all, from Veeva and denies any factual allegations contained in the Prayer for Relief.

### AFFIRMATIVE DEFENSES

Veeva asserts the following affirmative defenses. To the extent any of these defenses, in whole or in part, serve merely to negate an element of the plaintiff's cause of action, Veeva in no way seeks to relieve plaintiff of its burden of proof or persuasion on that element. Veeva hereby reserves the right to assert additional defenses not asserted herein, as investigation and discovery may reveal the existence of additional defenses not currently known to it.

### FIRST AFFIRMATIVE DEFENSE

### (Non-infringement)

Veeva does not infringe, and has not infringed, directly or indirectly, any valid and enforceable claim of Prolifiq's asserted patents as properly construed.

### SECOND AFFIRMATIVE DEFENSE

### (Invalidity)

Prolifiq's asserted patents are invalid because they fail to meet the requirements for patentability, including the conditions set forth in 35 U.S.C. ¶¶ 101-103, 112.

### THIRD AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Prolifiq is not entitled to injunctive relief because any alleged injury to Prolifiq is not immediate or irreparable, and Prolifiq has an adequate remedy at law.  Prolifiq's claim for injunctive relief is barred for numerous reasons, including but not limited to: (1) Prolifiq would have adequate remedies at law; (2) the balance of hardships would not favor Prolifiq; and (3) the public interest would be disserved by an injunction.

### FOURTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

Prolifiq is estopped by virtue of patent prosecution history from maintaining positions contrary to that which Prolifiq adopted during the prosecution of the patent-in-suit, including but not limited to maintaining the position that one or more claims of the asserted patents cover any products or services made, used, or sold by Veeva under the doctrine of equivalents.

### COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Counterclaimant Veeva Systems Inc. ("Veeva") hereby asserts the following counterclaims against Counterclaim-Defendant Prolifiq Software Inc. ("Prolifiq").

# GENERAL ALLEGATIONS

1. Veeva's counterclaims arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. This Court has jurisdiction of the subject matter of these counterclaims under 28 U.S.C. §§ 1331 and 1338.

2. Counterclaimant Veeva is a Delaware corporation with headquarters in Pleasanton, California.

3. On information and belief, Counterclaim-Defendant Prolifiq is an Oregon corporation with its principal place of business in Beaverton, Oregon.

4. Personal jurisdiction and venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Prolifiq has asserted claims against Veeva in this Court.

# COUNTERCLAIMS

## FIRST COUNTERCLAIM
**(Declaratory Judgment of Noninfringement of U.S. Patent No. 7,634,556 (the "'556 Patent"))**

5. The allegations contained in paragraphs 1-4 of these Counterclaims are incorporated herein by reference.

6. As a result of the charges of infringement against Veeva, an actual controversy exists as to infringement of the '556 Patent.

7. Veeva has not infringed, and is not now infringing, the '556 Patent.

## SECOND COUNTERCLAIM
**(Declaratory Judgment of Invalidity of the '556 Patent)**

8. The allegations contained in paragraphs 1-7 of these Counterclaims are incorporated herein by reference.

9. As a result of the charges of infringement against Veeva, an actual controversy exists as to the validity of the '556 Patent.

10. The '556 Patent is invalid and/or void under at least 35 U.S.C. §§ 101, 102, 103, 112.

8
DEFENDANT VEEVA SYSTEMS INC.'S ANSWER TO PLAINTIFF PROLIFIQ'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT; DEFENDANT VEEVA SYSTEMS INC.'S FIRST AMENDED COUNTERCLAIMS FOR DECLARATORY RELIEF
Case No. 13-cv-3644 LB

786892

### THIRD COUNTERCLAIM
(Declaratory Judgment of Noninfringement
of U.S. Patent No. 7,707,317 (the "'317 Patent"))

11. The allegations contained in paragraphs 1-10 of these Counterclaims are incorporated herein by reference.

12. As a result of the charges of infringement against Veeva, an actual controversy exists as to infringement of the '317 Patent.

13. Veeva has not infringed, and is not now infringing, the '317 Patent.

### FOURTH COUNTERCLAIM
(Declaratory Judgment of Invalidity
of the '317 Patent)

14. The allegations contained in paragraphs 1-13 of these Counterclaims are incorporated herein by reference.

15. As a result of the charges of infringement against Veeva, an actual controversy exists as to the validity of the '317 Patent.

16. The '317 Patent is invalid and/or void under at least 35 U.S.C. §§ 101, 102, 103, 112.

### FIFTH COUNTERCLAIM
(Declaratory Judgment of Noninfringement
of U.S. Patent No. 8,296,378 (the "'378 Patent"))

17. The allegations contained in paragraphs 1-16 of these Counterclaims are incorporated herein by reference.

18. As a result of the charges of infringement against Veeva, an actual controversy exists as to infringement of the '378 Patent.

19. Veeva has not infringed, and is not now infringing, the '378 Patent.

### SIXTH COUNTERCLAIM
(Declaratory Judgment of Invalidity
of the '378 Patent)

20. The allegations contained in paragraphs 1-19 of these Counterclaims are incorporated herein by reference.

9
DEFENDANT VEEVA SYSTEMS INC.'S ANSWER TO PLAINTIFF PROLIFIQ'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT; DEFENDANT VEEVA SYSTEMS INC.'S FIRST AMENDED COUNTERCLAIMS FOR DECLARATORY RELIEF
Case No. 13-cv-3644 LB

786892

21. As a result of the charges of infringement against Veeva, an actual controversy exists as to the validity of the '378 Patent.

22. The '378 Patent is invalid and/or void under at least 35 U.S.C. §§ 101, 102, 103, 112.

## SEVENTH COUNTERCLAIM
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 7,966,374 (the "'374 Patent"))

23. The allegations contained in paragraphs 1-22 of these Counterclaims are incorporated herein by reference.

24. As a result of the charges of infringement against Veeva, an actual controversy exists as to infringement of the '374 Patent.

25. Veeva has not infringed, and is not now infringing, the '374 Patent.

## EIGHTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '374 Patent)

26. The allegations contained in paragraphs 1-25 of these Counterclaims are incorporated herein by reference.

27. As a result of the charges of infringement against Veeva, an actual controversy exists as to the validity of the '374 Patent.

28. The '374 patent is invalid and/or void under at least 35 U.S.C. §§ 101, 102, 103, 112.

## NINTH COUNTERCLAIM
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 8,171,077 (the "'077 Patent"))

29. The allegations contained in paragraphs 1-28 of these Counterclaims are incorporated herein by reference.

30. As a result of the charges of infringement against Veeva, an actual controversy exists as to infringement of the '077 Patent.

31. Veeva has not infringed, and is not now infringing, the '077 Patent.

## TENTH COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '077 Patent)

32. The allegations contained in paragraphs 1-31 of these Counterclaims are incorporated herein by reference.

33. As a result of the charges of infringement against Veeva, an actual controversy exists as to the validity of the '077 patent.

34. The '077 patent is invalid and/or void under at least 35 U.S.C. §§ 101, 102, 103, 112.

## PRAYER FOR RELIEF

WHEREFORE, Veeva prays for judgment as follows:

(a) That the Court enter a judgment declaring that no claim of the '556, '317, '374, '077, or '378 Patents has been, or is, infringed willfully, deliberately, or otherwise by Veeva;

(b) That the Court enter a judgment declaring that the '556, '317, '374, '077, and '378 Patents are invalid;

(c) That the Court award Veeva reasonable attorneys' fees under 35 U.S.C. § 285;

(d) That the Court award Veeva all costs and expenses it incurs in this action;

(e) That the Court award Veeva such other and further relief that it deems just and proper.

## JURY DEMAND

Veeva requests a trial by jury on all aspects of this case so triable.

Dated:  October 24, 2013                              KEKER & VAN NEST LLP

                                                     By:   /s/ Christa M. Anderson
                                                           CHRISTA M. ANDERSON
                                                           EUGENE M. PAIGE
                                                           ANDREW DAWSON

                                                           Attorneys for Defendant and
                                                           Counter-claimant Veeva Systems Inc.

11
DEFENDANT VEEVA SYSTEMS INC.'S ANSWER TO PLAINTIFF PROLIFIQ'S SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT; DEFENDANT VEEVA SYSTEMS INC.'S FIRST AMENDED COUNTERCLAIMS FOR DECLARATORY RELIEF
Case No. 13-cv-3644 LB

786892