| | |
|---|---|
| GREENBERG TRAURIG LLP<br>NICHOLAS A. BROWN - # 198210<br>brownn@gtlaw.com<br>4 Embarcadero Center, Suite 3000<br>San Francisco, CA 94111-1809<br>Telephone:   415-655-1300<br>Facsimile:   415-707-2010<br><br>SCHWABE, WILLIAMSON & WYATT, P.C.<br>DAVID W. AXELROD (*pro hac vice*)<br>daxelrod@schwabe.com<br>DEVON ZASTROW NEWMAN (*pro hac vice*)<br>dnewman@schwabe.com<br>1211 S.W. 5th Avenue, Suite 1900<br>Portland, OR 97204<br>Telephone:   503-222-9981<br>Facsimile:   503-796-2900<br><br>Attorneys for Plaintiff and Counter-defendant<br>Prolifiq Software, Inc. | KEKER & VAN NEST LLP<br>CHRISTA M. ANDERSON - # 184325<br>canderson@kvn.com<br>EUGENE M. PAIGE - # 202849<br>epaige@kvn.com<br>ANDREW DAWSON - # 264421<br>adawson@kvn.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:   415 391 5400<br>Facsimile:   415 397 7188<br><br>Attorneys for Defendant and<br>Counter-claimant Veeva Systems Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PROLIFIQ SOFTWARE INC.,<br><br>           Plaintiff,<br><br>     v.<br><br>VEEVA SYSTEMS INC.,<br><br>           Defendant.<br><br>VEEVA SYSTEMS INC.,<br><br>           Counter-claimant,<br><br>     v.<br><br>PROLIFIQ SOFTWARE INC.,<br><br>           Counter-defendant. | Case No. 13-cv-3644 SI<br><br>**JOINT CASE MANAGEMENT STATEMENT AND JOINT SCHEDULING REPORT**<br><br>Date:    Nov. 22, 2013<br>Time:    2:30 p.m.<br>Place:   Courtroom 10<br>Judge:   Hon. Susan Illston |

Plaintiff and Counter-defendant Prolifiq Software Inc. ("Prolifiq") and Defendant and Counter-claimant Veeva Systems Inc. ("Veeva") jointly submit this Rule 26(f) Joint Scheduling Report and Case Management Statement, pursuant to Fed. R. Civ. P. 26(f) and Civil L.R. 16-9.

1. **Jurisdiction and Service:** This is a patent infringement lawsuit pursuant to 35 U.S.C. § 101, *et seq.* This Court has subject matter jurisdiction pursuant to 35 U.S.C. § 271 *et seq.* and 28 U.S.C. §§ 1331 and 1338. The Parties are aware of no issues regarding personal jurisdiction or venue. Prolifiq served Veeva on August 16, 2013. *See* Dkt. No. 10. No other Parties remain to be served at this time.

2. **Facts:** Prolifiq sued Veeva on August 6, 2013 in the Northern District of California for allegedly infringing U.S. Patent Number 7,634,556 (the "'556 Patent"), entitled "ELECTRONIC MESSAGE MANAGEMENT." Prolifiq has filed two amended complaints alleging infringement of additional patents, and the operative complaint currently alleges infringement of the '556 Patent in addition to U.S. Patent Numbers 7,707,317 (the "'317 Patent") and 8,296,378 (the "'378 Patent"), each entitled "ADAPTIVE ELECTRONIC MESSAGING"; and 7,966,374 (the "'374 Patent") and 8,171,077 (the "'077 Patent"), each entitled "ADAPTIVE MEDIA MESSAGING, SUCH AS FOR RICH MEDIA MESSAGES INCORPORATING DIGITAL CONTENT" (collectively, "The Patents-in-Suit"). *See* Dkt. No. 25. Veeva has answered the Second Amended Complaint and has filed counterclaims for declaratory relief alleging noninfringement and invalidity of the Patents-in-Suit. *See* Dkt. No. 26.

3. **Legal Issues:** The legal issues in this case include, but are not limited to: (1) the construction of the claims of the Patents-in-Suit; (2) the nature, basis, and merits of the alleged infringement of the Patents-in-Suit by Veeva; (3) the nature, basis, and merits of the defenses and counterclaims asserted by Veeva, including but not limited to the invalidity and unenforceability of the Patents-in-Suit; (4) Prolifiq's claim for damages, costs, attorneys' fees, enhanced damages, and/or injunctive relief; (5) Veeva's claims for costs and attorneys' fees incurred in this action.

4. **Motions:** There are no pending motions. One or both parties anticipate filing motions for summary judgment.

5.	**Amendment of Pleadings:**  Prolifiq has filed a Second Amended Complaint in this matter, to which Veeva has responded with an Answer and Counterclaims.  The Parties do not presently anticipate the filing of further amended pleadings.  The Parties further propose April 4, 2014, as a deadline for the service of any amended pleadings.

6.	**Evidence Preservation:**  The Parties have reviewed the Guidelines relating to the Discovery of Electronically Stored information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7.	**Disclosures:**  The Parties shall make disclosures by the deadline set forth in the enclosed schedule.

8.	**Discovery:**

    a.	**Discovery Taken to Date:**  None.

    b.	**Anticipated Discovery:**  The Parties anticipate discovery into issues relating to alleged infringement, validity and enforceability of the Patents-in-Suit, as well as remedies.

    c.	**Stipulated ESI Order:**  The Parties expect to file a stipulated proposed order regarding electronically stored information.

    d.	**Modifications to Discovery Rules:**

        i.	The Parties have agreed that each party will be limited to 50 Requests for Admissions ("RFAs").  However, RFAs directed to the authenticity of documents will not be limited.  Moreover, one RFA per reference directed to whether a reference qualifies as prior art under section 102, and one RFA per reference directed to whether a reference was published before the priority date of a patent-in-suit shall not count towards the limit.

        ii.	The Parties have agreed to limit fact depositions for each side to 70 hours of testimony.  Expert depositions will not count towards the 70-hour limit.

9. **Class Actions:** This lawsuit is not a class action.

10. **Related Cases:** There are no related cases.

11. **Relief:** Prolifiq seeks entry of judgment finding that Veeva has infringed the Patents-in-Suit, finding that the Patents-in-Suit are not invalid, awarding monetary damages and injunctive relief, and finding this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding reasonable attorney's fees and costs. Prolifiq seeks damages in the amount to be proven at trial, which may include lost profits but not less than a reasonable royalty, interest, attorneys' fees, costs, and any other relief that the court deems just and equitable.

Veeva seeks a finding that Veeva has not infringed any claim of the Patents-in-Suit and that the claims of the Patents-in-Suit are invalid. Veeva also seeks an order finding this case exceptional pursuant to 35 U.S.C. § 285 and granting Veeva its attorneys' fees and costs.

12. **Settlement and ADR:** The Parties have begun informal settlement discussions and settlement remains a possibility. The Parties have filed a stipulation agreeing to mediate no later than 30 days after entry of a claim construction order. This Court has filed an order approving the Parties' stipulation.

13. **Consent to Magistrate Judge for All Purposes:** The Parties have not consented to the assignment of a United States Magistrate Judge.

14. **Other References:** The Parties agree that this case is not suitable for reference to binding arbitration or a special master.

15. **Narrowing of Issues:** The Parties will continue to explore ways to narrow the issues in dispute as the case proceeds.

16. **Expedited Trial Procedure:** The Parties agree that this case is not suitable for an expedited trial procedure.

17. **Scheduling:** The Parties propose the following schedule for the initial phases of the case:

| EVENT | PROPOSED DATE |
|---|---|
| Parties serve Initial Disclosures pursuant to Fed. R. Civ. | 11/15/13 |

| | |
|---|---|
| Proc. 26(a)(1) | |
| Initial Case Management Conference | 11/22/13 |
| Infringement Contentions Under Pat. L. R. 3-1 | 12/6/13 |
| Invalidity Contentions Under Pat. L. R. 3-3 | 2/3/14 |
| Exchange Proposed Claim Terms Under Pat. L. R. 4-1 | 2/17/14 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence Under Pat. L. R. 4-1 | 3/7/14 |
| Deadline to filed Amended Pleadings without leave of Court | 4/4/14 |
| Joint Claim Construction and Prehearing Statement Under Pat. L. R. 4-3 | 4/4/14 |
| End of Claim Construction Discovery Under Pat. L. R. 4-4 | 5/5/14 |
| Opening Claim Construction Brief | 5/19/14 |
| Responsive Claim Construction Brief | 6/2/14 |
| Reply Claim Construction Brief | 6/9/14 |
| Tutorial/Claim Construction Hearing | 6/23/14 |
| Serve Advice of Counsel Information Under Pat. L. R. 3-7 | 50 days after claim construction ruling |
| Close of Fact Discovery | 10/13/14<br><br>[Or 12 weeks after Claim Construction Ruling, whichever is later] |
| Expert Reports Due | 11/10/14<br><br>[Or 16 weeks after Claim Construction Ruling, whichever is later] |
| Expert Rebuttal Reports due | 12/8/14 |

| | |
|---|---|
| | [Or 20 weeks after Claim Construction Ruling, whichever is later] |
| Close of Expert Discovery | 12/22/14 [Or 22 weeks after Claim Construction Ruling, whichever is later] |
| Dispositive Motions Due | 1/15/15 [Or 24 weeks after Claim Construction Ruling, whichever is later] |
| Opposition Briefs Due | 1/29/15 [Or 26 weeks after Claim Construction Ruling, whichever is later] |
| Reply Briefs Due | 2/5/15 [Or 27 weeks after Claim Construction Ruling, whichever is later] |
| Hearing on Dispositive Motions | 2/19/15 [Or 29 weeks after Claim Construction Ruling, whichever is later] |
| Pre-Trial Conference | Spring 2015, at the Court's convenience |
| Trial | Spring 2015, at the Court's convenience |

**18.** **Proposed Modifications to the Patent Local Rules:** The parties have proposed a two-week expansion of the default date for service of Veeva's invalidity contentions due to the intervening holidays. Where the Patent Local Rules establish a default period for subsequent deadlines, the parties propose that those default periods be adopted. The resulting schedule is reflected above in Paragraph 17.

  **19.** **Scope and Timing of Claim Construction Discovery:** Proposed timing of claim construction discovery is set forth in the above proposed schedule.

  **20.** **Format of Claim Construction Hearing:** The Parties agree that Prolifiq will present first, followed by Veeva.  Whether the Parties present live testimony will turn on the issues presented to the Court at the hearing.  The parties expect the hearing can be completed in an afternoon.

  **21.** **How Parties Intend to Educate the Court on the Technology:** The Parties agree that they will, if the Court desires, present a tutorial to the Court in connection with the claim construction hearing.

  **22.** **Trial:**  This case will be tried before a jury.  Prolifiq expects that the trial will last between five and seven court days, and that the number of issues in the case will narrow during the course of the litigation such that a trial of this length is appropriate.  Prolifiq is not willing at this point to commit to asserting less than all of the five Patents-in-Suit at trial, and is not willing at this point to commit to asserting fewer than twenty claims from those five patents.  Veeva believes that a schedule of five to seven court days will be feasible only if Prolifiq substantially narrows the claims beyond that, and expects that a trial of the sort Prolifiq appears to contemplate would likely last at least ten court days.  At present, the parties do not believe it is possible to shorten the length of trial or bifurcate issues for trial.  But the parties will revisit these issues as the case proceeds.

  **23.** **Disclosure of Non-party Interested Entities or Persons:**  The parties have both filed Certifications of Interested Entities or Persons.  Non-party interested entities or persons for the parties are the following:

    **a.** **Prolifiq:**  (1) Executives, officers, founders and/or directors of Prolifiq Software, Inc. ("Prolifiq"), and/or parties with financial interest in Prolifiq: Jeff Gaus, Jeff Pearson, Susan Senf, Jon Brooks, Hemingway Huynh, Anh Huynh, Jeff Farnsworth, Kirby Dyess, Michael Henderson, Daniel Brody, Roger Pringle, Irving Levin, Jim Cady, Chris Gibbons; (2) Parties with greater than 5% interest in Prolifiq: Hemingway Huynh, Anh Huynh, Jeff Farnsworth,

|   |   |   |
|---|---|---|
| 1 | | Michael & Donna Henderson Trust, Roger Pringle and Pringle Co. Trust, Fluffco LLC, Martin & Virginia Mitchell. |

b. **Veeva:** (1) Shareholders of publicly held Veeva Systems, Inc., including certain employees, officers, directors. (2) The members of Veeva's Board of Directors: Peter P. Gassner, Mark Armenante; Ronald E.F. Codd; Gordon Ritter; Young Sohn; Kevin Spain.

24. **Other Issues:**

a. The Parties have agreed to serve documents via email, and to treat documents served via email as if they had been served by hand for purposes of calculating any resulting deadlines. If any document is too large to be served by email, the Parties will serve it via File Transfer Protocol or by hand.

b. The Parties agree to provide native versions of all discovery requests.

Dated: November 15, 2013                    KEKER & VAN NEST LLP

By:   *by permission*
      CHRISTA M. ANDERSON
      EUGENE M. PAIGE
      ANDREW DAWSON

      Attorneys for Defendant and
      Counter-claimant Veeva Systems Inc.

Dated: November 15, 2013          By:   GREENBERG TRAURIG, LLP


      */s/*
      NICHOLAS A. BROWN

      Attorneys for Plaintiff and
      Counter-defendant Prolifiq Software Inc.

**ATTESTATION OF CONCURRENCE IN FILING**

I hereby attest that I have obtained concurrence from Andrew F. Dawson, counsel for Veeva, in the filing of this document.

Dated: November 15, 2013