May 9, 2014

The Honorable Susan Illston
United States District Court
Northern District of California
450 Golden Gate Avenue
Courtroom 10, 19th Floor
San Francisco, CA 94102

Re:   Prolifiq Software Inc. v. Veeva Systems Inc. and cross-action
      Case No.: 13-cv-3644 SI

Dear Judge Illston:

The following are the parties' respective positions regarding a discovery dispute that has arisen concerning whether and how discovery should proceed in light of Prolifiq's putative Third Amended Complaint ("TAC"), filed on April 4, 2014 (Dkt. No. 48), which asserts for the first time a cause of action for trade secret misappropriation. Specifically, Veeva seeks a protective order prohibiting Prolifiq from obtaining any further discovery of Veeva's confidential information until such time as Prolifiq serves a sufficient trade secret disclosure.

## VEEVA'S POSITION

On Friday, April 4, at 10:17 p.m., Prolifiq filed what purports to be an amended complaint asserting a state law cause of action for trade secret misappropriation, in addition to the existing federal causes of action for patent infringement. In violation of Federal Rule of Civil Procedure 15(a)(2) and in contrast with its prior conduct, Prolifiq did not obtain (or even request) Veeva's written consent or the Court's leave prior to filing its TAC, despite the fact that the parties met-and-conferred on other issues and participated in a case management conference with the Court on the same day (indeed, just hours before) the TAC was filed. Though Prolifiq claims that the Case Management Order (Dkt. No. 35) permitted the filing of its TAC without consent or leave, Veeva understands the Order to require leave of Court to file an amended pleading after April 4 even if the parties stipulated to its filing, not to supersede Rule 15's requirement that Prolifiq obtain either leave of Court or Veeva's written consent to filing of the amended complaint.

More importantly, a review of the TAC suggests that Prolifiq's pleading is improper. The TAC is virtually identical to the Second Amended Complaint (Dkt. No. 25)—filed over six months ago. The TAC does not add any new factual allegations, a point that Prolifiq's counsel concedes. The only difference between the operative pleading and the TAC is the assertion of legal conclusions relating to a trade secret misappropriation cause of action under the California Uniform Trade Secrets Act ("CUTSA"). Because the putative TAC seeks to assert a cause of action under CUTSA while pleading no new facts, Veeva can only conclude either that Prolifiq planned to bring a trade secret cause of action all along, and simply omitted it from the initial complaint in order to avoid the CUTSA bar on discovery into trade secret causes of action prior

to production of a detailed list of its purported trade secrets, or that Prolifiq has sought to add this cause of action without any factual basis for it (Veeva is aware of none). Either way, Veeva is concerned that Prolifiq has or will use the confidential information it has already obtained from Veeva in order to drum up a basis for its trade secret claim.

Section 2019.210 of the California Code of Civil Procedure is designed to prevent just this sort of litigation conduct. *See, e.g.*, *Computer Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 985 (S.D. Cal. 1999) (citation omitted) (noting that the statute will "prevent plaintiff from conducting 'fishing expeditions' into competitors' business files by unfounded claims of trade secret misappropriation"). Indeed, as Judge Alsup recently noted: "Experience has shown that it is easy to allege theft of trade secrets with vagueness, then take discovery into the defendants' files, and then cleverly specify what ever happens to be there as having been trade secrets stolen from plaintiff." *Jobscience, Inc. v. CVPartners, Inc.*, No. 13-04519, 2014 WL 852477, at *5 (N.D. Cal. Feb. 28, 2014).

Thus, before a trade-secret plaintiff may commence discovery, the plaintiff must identify the trade secrets at issue with "reasonable particularity," sufficient to distinguish them "from matters of general knowledge in the trade or . . . special knowledge of those . . . skilled in the trade." *See Advanced Modular Sputtering Inc. v. Super. Ct.*, 132 Cal. App. 4th 826, 835 (2005). More specifically, the plaintiff must make two showings in its trade secret disclosure: "First, the plaintiff must clearly identify what the 'thing' is that is alleged to be a trade secret, and second, the plaintiff must be able to clearly articulate why that 'thing' belongs in the legal category of trade secret." *Agency Solutions.Com, LLC v. TriZetto Grp., Inc.*, 819 F. Supp. 2d 1001, 1015 (E.D. Cal. 2011). In evaluating the sufficiency of a plaintiff's trade secret disclosure, the question is whether "the stated details themselves are sufficient, given the nature of the alleged secret and the technology in which it arises, to permit the defendant to ascertain whether and in what way the information is distinguished from matters already known, and to permit the court to fashion appropriate discovery." *Brescia v. Angelin*, 172 Cal. App. 4th 133, 143 (2009).

Prolifiq's Trade Secret Disclosure ("Disclosure"), which was not served until three weeks after the filing of its putative TAC, does not comply with the basic requirements of Section 2019.210. Because Prolifiq designated the Disclosure "Highly Confidential," Veeva cannot go into the purported confidential details in this letter. However, each of Prolifiq's alleged trade secrets relate to its work for a single customer. On May 1, Veeva sent Prolifiq a six-page letter describing in detail the various deficiencies in its Disclosure, which relate primarily to Prolifiq's failure to "clearly articulate" why its alleged trade secrets belong in "the legal category of trade secret." *Agency Solutions.Com*, 819 F. Supp. 2d at 1015. For example, the Disclosure makes clear that *all* of Prolifiq's purported trade secrets were *previously known to or otherwise disclosed* by Prolifiq to the customer (and in many cases, disclosed *by the customer* to Prolifiq). However, Prolifiq does not explain with reasonable particularity why such information meets the definition of a "trade secret" under Section 3426.1(d) of the California Civil Code. *See id.*; *see also In re Providian Credit Card Cases*, 96 Cal. App. 4th 292, 304 (2002) ("Public disclosure, that is the absence of secrecy, is fatal to the existence of a trade secret"). Furthermore, Prolifiq claims as a trade secret "the architecture" of its software and the software's "integration with

[the customer's] existing systems," but does not clearly articulate whether such information is "manifest in the way a program works," which would negate any secrecy. *See Agency Solutions.Com*, 819 F. Supp. 2d at 1017 ("Plans, flows, inputs, outputs, rules of operation, priorities of operation, and the like are not trade secrets to the extent they are manifest in the way a program works." ). Prolifiq's disclosure is replete with such deficiencies, which thwart the purpose of Section 2019.210 and prevent Veeva from "ascertain[ing] whether and in what way the information is distinguished from matters already known, and to permit the court to fashion appropriate discovery." *See Brescia*, 172 Cal. App. 4th at 143. Finally, counsel for the parties met in person on May 5 to discuss these deficiencies raised in Veeva's May 1 letter. At the conclusion of that meeting, Prolifiq's counsel flatly refused to amend the Disclosure to address any of the issues raised by Veeva.

In sum, a sufficient trade secret disclosure is necessary (and legally required) to ensure that Prolifiq cannot take discovery and then improperly use Veeva's information to customize its allegations of trade secret misappropriation—a risk to which Veeva has already been exposed, as it has provided Prolifiq with discovery into, among other things, its crown jewel source code and detailed technical documents. If Prolifiq is permitted to amend its complaint to add a trade secret cause of action, Prolifiq should not be permitted to take any further discovery until it provides a sufficient trade secret disclosure, which it has yet to do.

Therefore, Veeva respectfully requests that the Court enter a protective order under Rule 26 against any further discovery by Prolifiq until it has provided a trade secret disclosure that has been approved in both content and specificity by the Court.

Finally, Prolifiq has proposed submitting, as under-seal exhibits hereto or in a separate filing, its Disclosure and a letter from Veeva's counsel relating thereto. Veeva does not believe that such exhibits are permitted under Section 3 of the Court's Standing Order without the Court's persmission. That said, should the Court believe it to be useful, Veeva would be happy to address these issues in more detailed briefing, filed under seal. Veeva further requests the opportunity to submit a written response to any further submission(s) by Prolifiq regarding these disputes.

## PROLIFIQ'S POSITION

The parties disagree about two issues: (1) whether Prolifiq's Third Amended Complaint was properly filed, and (2) whether Prolifiq's April 24 disclosure of its trade secrets is sufficiently specific.

1. *Prolifiq's Third Amended Complaint Was Properly Filed On April 4, 2014*. The Case Management Order states that the "Deadline to file Amended Pleadings without leave of Court is 4/4/14." The parties disagree about what this statement means. Prolifiq understood it to mean that until April 4, the parties could file amended pleadings without need to request leave of court. Veeva argues that this would make the deadline supersede Rule 15, which requires the amending party to obtain either consent from the other party, or leave of court. But it is well established that courts have the power to set deadlines related to Rule 15, and reading this

deadline to require consent would make the "without leave" language meaningless. Veeva counters that the deadline should be read as if the actual language of the order was inverted: for Amended Pleadings filed *after* April 4, leave of court is *required*. That interpretation is not reasonable: if that is what the order meant, that is what it would have said. Nor is it reasonable for Veeva to suggest that because Prolifiq requested Veeva's consent to file its Second Amended Complaint—which was filed *before* the Case Management Order—it somehow took on an obligation to seek Veeva's consent in the future.

Regardless, there is a liberal policy in favor of allowing amended pleadings, and Veeva has not argued that Prolifiq would not be entitled leave to amend, even if leave was required. Veeva does argue that it was improper for Prolifiq to have added a claim of trade secret misappropriation without adding new facts to its complaint. That is nonsense. The fact that Prolifiq's original complaint put Veeva on notice of its claim that Veeva had improperly copied its confidential and proprietary information (in violation of its patents) is a reason to *allow* Prolifiq's amendment, not a reason to deny it. Similarly, Veeva's vague suggestion that it is "concerned" that Prolifiq used discovery in the patent case to "drum up a basis for its trade secret claim" is a smokescreen. As described below, Prolifiq identified its trade secrets with particularity promptly after filing its trade secret claim, and Veeva does not identify anything in its limited, 200-page production that could possibly have been used to "drum up" any of Prolifiq's detailed trade secret claims.

2. <u>Discovery Should Proceed Because Prolifiq Has Identified Its Trade Secrets With Sufficient Particularity</u>. Prolifiq served a disclosure of its trade-secrets on April 24. Nonetheless, Veeva refuses to allow discovery to proceed, arguing that Prolifiq has failed to describe its trade secrets with the "particularity" required by Cal. Civ. Proc. Code § 2019.210.

Veeva's arguments focus not on whether Prolifiq has sufficiently described what its trade secrets are, but on whether Prolifiq has adequately distinguished its trade secrets "from matters already known." Veeva argues, for example, that some of the trade secrets Prolifiq has identified are not actually trade secrets because "software design and architecture do not qualify for trade secret protection to the extent they are evident in the way the software works." Similarly, Veeva argues that some of the secrets Prolifiq described are not actually secrets because they were known to the third-party that was Veeva and Prolifiq's mutual customer.

Veeva's arguments mirror the arguments that were rejected in *Brescia v. Angelin*, 172 Cal.App.4th 133 (2009). In *Brescia*, the plaintiff identified its formula for high-protein pudding as a trade secret. After the defendant pointed to facts suggesting that this formula was known to others, the lower court found that plaintiff's disclosure was insufficient because there was "no attempt even to commence to describe why this formula is unique and not known to others." *Id.* at 142. The appellate court reversed, explaining that § 2019.210 "does not create a procedural device to litigate the ultimate merits of the case." *Id.* at 149. Instead, analogous to the rules for pleadings, § 2019.210's disclosure requirement was "intended to allow the defendant <u>to investigate</u> how [the trade secrets] might differ from matters already known, and to allow the court to craft relevant discovery." *Id.* at 147 (emphasis added), *see also id.* at 145. Thus, "the

trade secret claimant need not particularize how the alleged secret differs from matters already known to skilled persons in the field" *unless* the defendant shows "that the details alone, without further explanation, are inadequate to permit the court to understand the identification so as to craft discovery." *Id.* at 143. Moreover, reasonable doubts regarding the adequacy of a trade secret disclosure "are to be resolved in favor of allowing discovery to go forward." *Id.*

Veeva cannot meet that standard here. Indeed, the very arguments that Veeva makes—that some of the secrets Prolifiq identified are not actually secret because they are "evident in the way the software works," or because they were known to a third-party—show that Prolifiq has already identified its secrets with sufficient particularity to enable Veeva to investigate the merits of Prolifiq's claim.

Nor can Veeva argue that this standard does not apply, because Veeva relies on *Brescia* in its own statement of the applicable standard. While Veeva cites other cases, none of them changes the standard set forth in *Brescia*. For example, Veeva cites *Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp.2d 1001 (E.D. Cal. Sept. 13, 2011), but that case was about a request for a preliminary injunction, not about § 2019.210. The language from the case that Veeva quotes is taken from the section of the opinion entitled "I. Probability of Success on the Merits." *Id.* at 1015.

Finally, the *only* argument that Veeva raises about the particularity of Prolifiq's description of its secrets is that Prolifiq is hiding "its trade secrets in plain sight by including surplusage and voluminous attachments." This argument is factually wrong. Prolifiq referenced documents that it has produced in this case in order to *illustrate* the specific trade secret descriptions it provided, not to substitute for those descriptions. The law cited by Veeva prevents a plaintiff from saying "my secret is somewhere in this 1000-page document," not from saying "my secret is this particular information, which is shown in this document."

In sum, Prolifiq has sufficiently identified its trade secrets, and properly filed its trade secret complaint. The court should order discovery to proceed.

Respectfully Submitted,

| KEKER & VAN NEST LLP | GREENBERG TRAURIG LLP |
|---|---|
| */s/ Khari J. Tillery* | */s/ Nicholas A. Brown* |
| Khari J. Tillery | Nicholas A. Brown |

## CERTIFICATION OF CONCURRENCE FROM ALL SIGNATORIES

I, Khari J. Tillery, am the ECF user whose ID and password are being used to file this Joint Statement. In compliance with N.D. Cal. Civ. L. R. 5-1(i)(3), I attest that I have obtained the concurrence of each signatory to this document.

Dated: May 9, 2014

>*/s/ Khari J. Tillery*
> Khari J. Tillery