1  NICHOLAS A. BROWN (SBN 198210)
2    brownn@gtlaw.com
   STEPHANIE D. AHMAD (SBN 284080)
3    ahmads@gtlaw.com
   **GREENBERG TRAURIG, LLP**
4  4 Embarcadero Center, Suite 3000
   San Francisco, CA 94111-5983
5  Telephone: 415.655.1271
   Facsimile: 415.520.5609
6
7  Attorneys for Plaintiff Prolifiq Software Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROLIFIQ SOFTWARE INC., an Oregon corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>VEEVA SYSTEMS INC., a Delaware corporation,<br><br>　　　　　　Defendant. | Case No.: 3:13-CV-03644-SI<br><br>**DECLARATION OF NICHOLAS A. BROWN IN SUPPORT OF MAY 9, 2014 JOINT DISCOVERY LETTER** |

I, Nicholas A. Brown, under penalty of perjury, declare as follows:

1. I am an attorney at law duly licensed to practice law in the State of California and have been admitted to practice before this Court. I am a Shareholder with the law firm of Greenberg Traurig, LLP, attorneys of record for plaintiff Prolifiq Software Inc. ("Prolifiq") in this action. Unless otherwise stated, I have personal knowledge of the facts set forth in this declaration, and if called as a witness, could and would competently testify as set forth below.

2. This declaration is submitted in support of Prolifiq and Veeva Systems Inc. ("Veeva")'s joint letter regarding their discovery dispute about whether Prolifiq's Trade Secret Disclosure, served on April 24, 2014, identifies its trade secrets with sufficient particularity to allow discovery to proceed.

3. The Court's standing order on "Discovery Disputes" states that "Absent an order of this Court, parties shall not file affidavits or exhibits, other than copies of the written requests for discovery and the answers or objections thereto."

4. Prolifiq believes that the Court's standing order shows that it would be helpful to the Court to be able to see the Trade Secret Disclosure whose sufficiency is disputed by the parties. In the context of this dispute, Prolifiq's Trade Secret Disclosure and the six-page letter Veeva wrote objecting to it are analogous to "the written requests for discovery and the answers or objections thereto" whose filing is authorized by the Court. .

5. Veeva disagrees with Prolifiq and has explained in the joint letter that it believes that such exhibits are prohibited by the Court's Standing Order, and insists that they should only be filed if the Court requests additional briefing or the parties stipulate to additional briefing.

6. No exhibits were attached to the parties' joint letter because the parties could not agree.

7. Attached hereto as Exhibit A is a true and correct copy the Trade Secret Disclosure that Prolifiq served on April 24, 2014.

8. Exhibit A (Prolifiq's Trade Secret Disclosure) contains proprietary and confidential information that includes Prolifiq's trade secrets and that Prolifiq has designated as HIGHLY CONFIDENTIAL under the Protective Order in this case.

9. Attached hereto as Exhibit B is a true and correct copy of the letter that Veeva sent on May 1, 2014, objecting to the sufficiency of Prolifiq's Trade Secret Disclosure.

10. Exhibit B (Veeva's May 1, 2014 letter) contains proprietary and confidential information that includes Prolifiq's trade secrets and that Prolifiq has designated as HIGHLY CONFIDENTIAL under the Protective Order in this case.

I declare under penalty of perjury the foregoing is true and correct.

Dated: May 9, 2014                    /s/ Nicholas A. Brown
                                      Nicholas A. Brown