IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROLIFIQ SOFTWARE INC., <br><br> Plaintiff, <br><br> v. <br><br> VEEVA SYSTEMS INC., <br><br> Defendant. | No. C 13-03644 SI <br><br> **ORDER:** <br><br> **(1) RE: DISCOVERY DISPUTE; AND** <br><br> **(2) GRANTING PLAINTIFF'S MOTION TO SEAL** |

Now pending before the Court is the parties' joint discovery letter. Docket No. 52. In the joint letter, defendant Veeva Systems Inc. ("Veeva") requests a protective order prohibiting plaintiff Prolifiq Software Inc. ("Prolifiq") from obtaining any further discovery of Veeva's confidential information until Prolifiq serves a sufficient trade secrets disclosure. For the reasons set forth below, the Court DENIES Veeva's request for a protective order.

**BACKGROUND**

This is an action for patent infringement. Prolifiq accuses Veeva of infringing U.S. Patents Nos. 7,634,556 ("the '556 patent") and 8,296,378 ("the '378 patent").[1] Docket No. 48 ¶¶ 2, 43-56.

Prolifiq filed the present action on August 6, 2013. Docket No. 1. On November 25, 2013, the Court entered a scheduling order stating that the "[d]eadline to file Amended Pleadings without leave

---

[1] On January 31, 2014, the Court granted the parties' stipulation to dismiss Prolifiq's claims regarding U.S. Patent Nos. 7,707,317, 7,966,374, and 8,171,077. Docket No. 39.

1 of Court is 4/4/14." Docket No. 35. On April 4, 2014, Prolifiq filed a third amended complaint
2 ("TAC"), adding a cause of action for misappropriation of trade secrets in addition to its claims for
3 patent infringement. Docket No. 48 ¶¶ 57-64. Three weeks later, Prolifiq served on Veeva a trade
4 secrets disclosure pursuant to California Code of Civil Procedure § 2019.210. Docket No. 53-1, Brown
5 Decl. Ex. A.

## DISCUSSION

### I. Prolifiq's Filing of Its Third Amended Complaint

As an initial matter, Veeva argues that Prolifiq's TAC was filed in violation of Federal Rule of Civil Procedure 15(a)(2). Docket No. 52 at 1. The Court disagrees. Federal Rule of Civil Procedure 15(a)(2) provides: "a party may amend its pleading only with the opposing party's written consent or the court's leave." Here, Prolifiq was given leave of Court to file the TAC. On November 25, 2013, the Court entered a scheduling order, which provided that the "[d]eadline to file Amended Pleadings without leave of Court is 4/4/14." Docket No. 35. Under the terms of this order, Prolifiq was permitted to file an amended pleading without leave of court as long as the amended pleading was filed by April 4, 2014. The present TAC was filed on April 4, 2014 in compliance with the Court's scheduling order. Docket No. 48. Accordingly, Prolifiq's filing of the TAC was not in violation of Rule 15(a)(2).

### II. Veeva's Request for a Protective Order

Veeva argues that the Court should enter a protective order prohibiting Prolifiq from obtaining any further discovery of Veeva's confidential information until Prolifiq serves a sufficient trade secret disclosure under California Code of Civil Procedure § 2019.210.[2] Docket No. 52 at 1-3. In response, Prolifiq argues that it has sufficiently identified its trade secrets. Docket No. 52 at 4-5.

"The Uniform Trade Secrets Act ([Cal.] Civ. Code, § 3426 et seq.) creates a statutory cause of action for the misappropriation of a trade secret." *Brescia v. Angelin*, 172 Cal. App. 4th 133, 143

---

[2] The Court notes that district courts within the Ninth Circuit have reached differing conclusions on whether California Code of Civil Procedure § 2019.210 applies to actions in federal court. *SocialApps, LLC v. Zynga, Inc.*, No. 4:11-CV-04910 YGR, 2012 U.S. Dist. LEXIS 82767, at *5 (N.D. Cal. Jun. 14, 2012) (collecting cases). However, here, the parties do not dispute that section 2019.210 applies.

2

1  (2009). Under the Act, a trade secret is defined as "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) [d]erives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) [i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1(d).

California Code of Civil Procedure § 2019.210 provides: "In any action alleging the misappropriation of a trade secret under the Uniform Trade Secrets Act . . . , before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity subject to any orders that may be appropriate under Section 3426.5 of the Civil Code." "The purpose of section 2019.210 is as follows: 'First, it promotes well-investigated claims and dissuades the filing of meritless trade secret complaints. Second, it prevents plaintiffs from using the discovery process as a means to obtain the defendant's trade secrets. Third, the rule assists the court in framing the appropriate scope of discovery and in determining whether plaintiff's discovery requests fall within that scope. Fourth, it enables defendants to form complete and well-reasoned defenses, ensuring that they need not wait until the eve of trial to effectively defend against charges of trade secret misappropriation.'" *Advanced Modular Sputtering, Inc. v. Sup. Ct.*, 132 Cal. App. 4th 826, 833-34 (2005) (citations omitted).

"Reasonable particularity" "means that the plaintiff must make some showing that is reasonable, i.e., fair, proper, just and rational, under all of the circumstances, to identify its alleged trade secret in a manner that will allow the trial court to control the scope of subsequent discovery, protect all parties' proprietary information, and allow them a fair opportunity to prepare and present their best case or defense at a trial on the merits." *Id.* at 836 (citation omitted). "The trade secret must be described 'with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies.'" *Altavion, Inc. v. Konica Minolta Systems Laboratory, Inc.*, 2014 Cal. App. LEXIS 409, at *24-25 (May 8, 2014). However, a claimant is not required "to explain why the alleged trade secret differs from matters already known in the industry." *Brescia*, 172 Cal. App. 4th at 150 (emphasis added). In addition, reasonable particularity does not require a party to

3

define every minute detail of its trade secret down to the finest detail or require a mini-trial on misappropriation before plaintiff is allowed discovery. *Advanced Modular Sputtering*, 132 Cal. App. 4th at 835-36. "The degree of 'particularity' that is 'reasonable' will differ, depending on the alleged trade secrets at issue in each case." *Id.* at 836.

In considering the adequacy of a trade secret disclosure, "the designation should be liberally construed, and reasonable doubts about its sufficiency resolved in favor of allowing discovery to go forward." *Brescia*, 172 Cal. App. 4th at 149. Trial courts have broad discretion in determining whether a plaintiff's disclosure satisfies section 2019.210. *Perlan Therapeutics, Inc. v. Super. Ct.*, 178 Cal. App. 4th 1333, 1337 (2009).

The Court has reviewed Prolifiq's trade secret disclosure statement and concludes that it identifies the alleged trade secrets with reasonable particularity, thus satisfying section 2019.210. In arguing that Prolifiq's disclosure is insufficient, Veeva identifies two purported deficiencies. First, Veeva argues that the disclosure displays that all of Prolifiq's alleged trade secrets were previously known to or otherwise disclosed by Prolifiq to a customer.[3] Docket No. 52 at 2. Second, Veeva argues that the disclosure claims as a trade secret "the architecture" of Prolifiq's software and the software's "integration with [the customer's] existing systems," but does not articulate whether such information is manifest in the way a program works. *Id.* at 2-3. Here, Veeva's challenges go not to whether Prolifiq has sufficiently identified what it considers to be its trade secrets, but to the merits of whether that information constitutes trade secrets. However, section 2019.210 "does not create a procedural device to litigate the ultimate merits of the case—that is, to determine as a matter of law on the basis of evidence presented whether the trade secret actually exists."[4] *Brescia*, 172 Cal. App. 4th at 149; *accord Perlan*, 178 Cal. App. 4th at 1351; *see also Advanced Modular Sputtering*, 132 Cal. App. 4th at 835-36 (stating that section 2019.210 does not require that a "trial court to conduct a miniature trial on the

---

[3] The Court notes that information can still qualify as a trade secret even if the information has been disclosed to another person as long as that person is under an obligation to keep it confidential. *See In re Providian Credit Card Cases*, 96 Cal. App. 4th 292, 304 (2002).

[4] Indeed, Veeva specifically argues in the discovery letter that Prolifiq's disclosure is inadequate because Prolifiq has failed "to 'clearly articulate' *why* its alleged trade secrets belong in the 'the legal category of trade secret.'" Docket No. 52 at 2 (emphasis added). But, section 2019.210 does not require a claimant "to explain *why* the alleged trade secret differs from matters already known in the industry." *Brescia*, 172 Cal. App. 4th at 150 (emphasis added).

4

1  merits of a misappropriation claim before discovery may commence."). Indeed, the fact that Veeva is
2  able to craft detailed arguments for why Prolifiq's information does not constitute trade secrets means
3  that Prolifiq has sufficiently identified that information to Veeva so that it may investigate the merits
4  of Prolifiq's claim. *See Advanced Modular Sputtering*, 132 Cal. App. 4th at 834 (explaining that one
5  of the purposes of section 2019.210's disclosure requirement is to "'enable[] defendants to form
6  complete and well-reasoned defenses'"). Accordingly, the Court concludes that Prolifiq's trade secrets
7  disclosure complies with California Code of Civil Procedure § 2019.210, and, therefore, DENIES
8  Veeva's motion for a protective order.

## III. Prolifiq's Motion to Seal

On May 9, 2014, Prolifiq filed an administrative motion to seal Exhibits A and B to the declaration of Nicholas Brown in support of the May 9, 2014 Joint Discovery Letter. Docket No. 53.

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). However, when a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. Civil Local Rule 79-5(b). Because the parties' discovery letter is a non-dispositive motion, the "good cause" standard applies.

Prolifiq argues that Exhibits A and B should be filed under seal because the documents contain proprietary and confidential information that includes Prolifiq's purported trade secrets. Docket No. 53-1, Brown Decl. ¶¶ 8, 10. After reviewing the declaration and the attached exhibits, the Court

5

concludes that Prolifiq has shown good cause for sealing the exhibits. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70 (9th Cir. 2008) (ordering that an exhibit containing trade secrets be filed under seal). In addition, Prolifiq's request is narrowly tailored because it seeks to redact only the sealable information from the exhibits. Accordingly, the Court GRANTS Prolifiq's motion to seal.

## CONCLUSION

For the reasons above, the Court DENIES Veeva's motion for a protective order and GRANTS Prolifiq's motion to seal. This Order resolves Docket Nos. 52, 53.

**IT IS SO ORDERED.**

Dated: June 4, 2014

SUSAN ILLSTON
United States District Judge